**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    3:08-cr-105-J-25MCR

LAWRENCE ERIC LEINS
_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Quash Subpoena

(Doc. 91) filed October 9, 2009. Defendant brings this Motion *pro se.*

## I.    BACKGROUND

As part of Defendant's sentence after having pled guilty to one count of wire

fraud, he was ordered to make restitution in the amount of $1,905,000.00. (Docs. 57,

61, 69). On September 18, 2009, the United States subpoenaed Defendant's personnel

and employment records from Technikraft, LLC, in an effort to collect unpaid restitution.[1]

(Doc. 91, pp. 6-9). Defendant was served a copy of the subpoena at his last known

address. Id. at 9.

On October 9, 2009, Defendant filed the instant Motion to Quash Subpoena

identifying the following six grounds upon which the subpoena should be quashed:

1.    The subpoena requires Defendant to produce documents not in his control;

2.    The subpoena is unclear in identifying to whom the documents must be produced;

3.    Defendant does not have sufficient time within which to respond to the subpoena;

_____

[1]According to the United States, Defendant has not satisfied his restitution obligation. (Doc. 92, ¶ 2).

4.	As an inmate, Defendant does not have access to books and records which might support a defense to the subpoena;

5.	Defendant's copy of the subpoena was sent to an address at which Defendant no longer accesses mail; and

6.	Defendant's copy of the subpoena should have been sent to Defendant's counsel, not to Defendant.

Id. at 3-4.  On October 29, 2009, the United States filed a response in opposition to Defendant's Motion.  (Doc. 92).  Accordingly, this matter is now ripe for judicial determination.

## II.	ANALYSIS

As correctly stated by the United States, victims of crime have the "right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6).  To ensure victims of crime are afforded their statutory right to full and timely restitution, the United States[2] may enforce a judgment imposing restitution civilly or criminally "by all ... available and reasonable means."  Id. at § 3664(m)(1)(A).  The United States may enforce a judgment imposing restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  Id. at §§ 3613(a),(f), 3664(m)(1)(A).

The Federal Debt Collection Procedures Act of 1990 ("FDCPA", 28 U.S.C. §§ 2044, 3001-3308), provides, "the exclusive civil procedures for the United States ... to recover a judgment on a debt [which includes restitution owed] ..."  28 U.S.C. §§ 3001(a)(1), 3002(3)(B).  The FDCPA specifically authorizes discovery regarding a

---

[2]The Attorney General of the United States, and through him, the United States Attorney's Office, is responsible for collecting unpaid restitution.  18 U.S.C. § 3612(c); 28 U.S.C. § 519.

judgment debtor's financial condition "in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 20 U.S.C. § 3015(a). In aid of collection of a judgment, post-judgment discovery may be had from any person provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a)(2). A non-party may be compelled to produce documents as provided in Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 34(c).

Here, a subpoena was issued to Technikraft, LLC, a non-party, in an effort to obtain personnel and employment records pertaining to Defendant to assist in collecting unpaid restitution. (Doc. 91, pp. 6-9). First, Defendant contends the subpoena must be quashed because it requires him to produce documents not in his control. Id. at 3. However, Defendant is not required to produce anything; Technikraft, LLC, is the party subpoenaed. Id. at 6. Therefore, the Court finds this argument is without merit.

Second, Defendant contends the subpoena must be quashed because it is unclear to whom the documents must be produced. Id. at 3. However, the subpoena clearly identifies the responsive documents must be produced to Regina J. Polite, United States Attorney's Office, 400 North Tampa Street, Tampa, FL 33602. Id. at 6. Therefore, the Court finds this argument is without merit.

Third, Defendant contends the subpoena must be quashed because he does not have sufficient time within which to respond to it. Id. at 3. However, Defendant was not subpoenaed; Technikraft, LLC, is the party subpoenaed. Id. at 6. Therefore, the Court finds this argument is without merit.

Fourth, Defendant contends the subpoena must be quashed because as an inmate, he does not have access to books and records which might support a defense to the subpoena. Id. at 3. However, this argument does not contain adequate grounds for this Court to quash the subpoena issued to Technikraft, LLC. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim of defenses ..." Here, there is no contention that the subpoenaed documents are either privileged or irrelevant. Therefore, the Court finds this contention is without merit.

Fifth, Defendant contends the subpoena must be quashed because his copy of the subpoena was sent to an address at which he no longer accesses mail. Id. at 4. In response, the United States argues that it does not know who may be retrieving Defendant's mail from any number of various addresses. (Doc. 92, p. 4). In any event, the subpoena was issued to Technikraft, LLC, and Defendant did receive a copy as it was attached to the instant Motion.[3] (Doc. 91, pp. 6-9). Therefore, the Court finds this argument is without merit.

Finally, Defendant contends the subpoena must be quashed because his service copy should have been sent to his counsel, and not him directly. Id. at 4. However, the Court is perplexed by this contention as Defendant requests appointment of counsel in the very next paragraph. Id. In any event, the subpoena was issued to Technikraft,

---

[3]Additionally, Defendant states he "received a forwarded copy of the subpoena on October 2, 2009." (Doc. 91, p. 1).

LLC, and Defendant did receive a copy. Id. at 6-9. Therefore, the Court finds this argument is without merit.[4]

**III.** **CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED**

Defendant's Motion to Quash Subpoena (Doc. 91) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _11th_ day of February, 2010.


*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record for the United States of America

Lawrence Eric Leins
Register No. 32310-018
Federal Prison Camp
Post Office Box 725
Edgefield, South Carolina 29824

---

[4]The Court notes that Defendant requests appointment of counsel in the alternative to quashing the subpoena. (Doc. 91, p. 4-5). However, the subject of the instant Motion offers no basis for appointment of counsel. Accordingly, this request is due to be denied.